THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DELMER HILL, Plaintiff in Error.

*Opinion filed October 16, 1914.*

This case is controlled by the decision in the case of *People* v. *Miller,* (*ante,* p. 148.)

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. W. C. JOHNS, Judge, presiding.

W. H. WHITAKER, and JACK & WHITFIELD, for plaintiff in error.

P. J. LUCEY, Attorney General, J. K. MARTIN, State's Attorney, and EUGENE P. MORRIS, (E. J. MILLER, of counsel,) for the People.

Per CURIAM: The indictment in this case charges the plaintiff in error with perjury in giving false testimony before a grand jury in Moultrie county which was engaged in investigating whether the offense of playing a game with cards, for money, had been committed in the city of Sullivan, in said county. A motion to quash the indictment was sustained to the first count. Plaintiff in error was tried under the second count, found guilty by the jury, and, after overruling motions for a new trial and in arrest, judgment was rendered on the verdict and plaintiff in error sentenced to imprisonment in the penitentiary. This writ of error is sued out to review that judgment.

The errors relied upon for reversal are, the action of the court in overruling the motion to quash the second count of the indictment, the admission of improper evidence and the rulings of the court in giving and refusing instructions.

The decision in *People* v. *Miller,* (*ante,* p. 148,) is decisive of this case. The second count of the indictment is substantially in the form of the fourth count of the indict-

ment in that case, under which count Miller was tried and convicted. There is little substantial difference between the two indictments. Both cases were tried at the same term of the Moultrie county circuit court and the same counsel represented plaintiff in error and Miller. The same objections, and some additional ones, are made to this indictment that were made to the indictment in the *Miller case.* We held the indictment in the *Miller case* was good, and no reasons are assigned that would justify holding the indictment in this case bad. We find no substantial error in the rulings of the court in giving and refusing instructions. In this case, as in the *Miller case,* plaintiff in error had been indicted for gaming, had filed a plea of *nolo contendere,* was found guilty and was sentenced to pay a fine of $100. The record in that case was offered in evidence and received, over the objections of plaintiff in error. The People also introduced in evidence, over the plaintiff in error's objections, the record of a conviction of plaintiff in error for keeping a gaming house, and the judgment and sentence that he pay a fine of $100. The indictments in both those cases were found and returned by the same grand jury before which the alleged false testimony was given. Under the authority of *People* v. *Miller, supra,* this was erroneous, but in this case, as in that, plaintiff in error did not testify, and the proof of his guilt of the crime charged in this indictment is practically undisputed and so overwhelming that the error would not justify a reversal. In all of its material aspects the case is controlled by the decision in *People* v. *Miller, supra,* and the judgment is affirmed.

*Judgment affirmed.*